REQUESTED BY: Dear Senator:
You have asked our opinion as to the constitutional validity of LB 109, as amended. You have indicated that your primary concern is whether it violates Article III, Section14, of the Nebraska Constitution, which provides in part that no bill shall contain more than one subject, and the same shall be clearly expressed in the title. We will therefore limit out discussion to that issue.
By amendment proposed by Senator Mills, the original sections of LB 109 were stricken, and new sections substituted. These sections create the Nebraska Outdoor Recreation Development Cash Fund, and provide that certain portions of the cigarette tax imposed by section 77-2602
shall be placed into the fund. Section 5 of the bill, as amended, provides for the use of this fund by the Game and Parks Commission, and section 6 provides for the investment of excess money in the fund by the State Investment Officer.
Another amendment has been proposed which retains the Mills' amendment substantially unchanged, but adds twenty-nine new sections. These new sections provide for a tax on tobacco products other than cigarettes, the tax to be fifteen percent of the wholesale sales price of such tobacco products, to be paid by the wholesale dealer and passed on to the ultimate consumer. The proceeds of this tax are to be placed by the State Treasurer into the Nebraska Capital Construction Fund. Naturally, these twenty-nine new sections contain numerous provisions about reports, methods of collection, hearings, etc., which are not necessary to repeat herein.
We believe the bill, with both amendments, could be successfully defended against an attack based on its containing more than one subject. Our court has been very liberal in its construction of Article III, Section 14, so far as the question of multiple subjects is concerned. We believe the court has never invalidated a bill on the basis of its having contained more than one subject. It has, from time to time, found that a bill was broader than its title, but when the attack was based upon alleged multiple subjects, the court has found that it contained only one.
In Anderson v. Tiemann, 182 Neb. 393, 155 N.W.2d 322
(1967), the bill contained three sections, one dealing with a sales and use tax, one an income and franchise tax and one containing general provisions. The court said:
 "The various taxes provided for in L.B. 377, designated as the Nebraska Revenue Act of 1967, are closely related and germane to each other and are all to be administered by the Tax Commissioner. The various taxes are clearly stated in both the title as well as the body of the act and together comprise and constitute components of the tax structure of this state. This court holds that the provisions of L.B. 377 contain but one general subject, taxation, and that it does not violate the Constitution of Nebraska."
While the sections proposed by Senator Mills do not create the cigarette tax, they deal with use of a part of the proceeds of that tax. The use of the proceeds of a tax is a matter dealing with taxation. Sections 7 to 35 of the bill, as amended, provide for a tax on tobacco products not covered by the cigarette tax. It appears to us that the court would say that the entire bill deals with the taxation of tobacco products, including cigarettes, and the disposition and use of the proceeds of such taxes, and that it therefore contains only one subject.
The original title to the bill has not yet been amended. It still describes the bill as an act: `to adopt the Nebraska Outdoor Recreation Development Act; to amend sections 37-216.07 and 37-216.08, Revised Statutes Supplement, 1976; to provide an operative date; and to repeal the original sections.'
Obviously, this title is not adequate for the bill as amended. The two sections of the existing statutes to be amended, according to the title, are not mentioned in the amended version of the bill, and section 77-2602, which is now to be amended, is not mentioned in the title. The recitation that the bill is for the purpose of adopting the Nebraska Outdoor Recreation Development Act would not be broad enough to cover the imposition of the new tax on tobacco products, which tax has nothing to do with that act, as defined in section 1.
However, the normal procedure when amendments of this sort are adopted is to amend the title of the bill to conform to the amendments of the body of the bill just before the final reading bill is printed. We assume that a title covering the subject of the bill will have been prepared before the bill is adopted. We are confident that such a valid title can be drafted to cover this bill.